IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 11-773 (SLR) |
| HERAEUS HOLDING GMBH and HERAEUS MATERIALS TECHNOLOGY, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

### HERAEUS MATERIALS TECHNOLOGY LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM OF INDIRECT AND WILLFUL INFRINGEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Heraeus Materials Technology LLC ("Heraeus Materials Technology") moves to dismiss the portions of Plaintiff's Complaint directed to indirect and willful infringement of U.S. Patent No. 7,767,254 ("the '254 patent") for failure to state a claim on which relief may be granted. The basis for this motion follows.

## I.     INTRODUCTION

On September 2, 2011, Plaintiff filed its Complaint against Heraeus Materials Technology and Heraeus Holding GmbH[1] (collectively referred to in Plaintiff's Complaint as "Heraeus") alleging one count of direct infringement of the '254 patent and one count of indirect infringement. (D.I. 1 ¶¶ 11-14, 15-18.) With respect to indirect infringement, Plaintiff alleges that Heraeus has "willfully, deliberately and actively induce[d] and/or contribute[d] to infringement by others" (*id.* ¶ 16), and that Heraeus "has been on notice of the '254 Patent at

---

[1]     Defendant Heraeus Holding GmbH is a German corporation with no agent for service of process or other substantial contacts in this forum; it has not been served with the Complaint.

least from the filing of this Complaint, and has specifically intended that others will use the unauthorized products in a manner that infringes the '254 Patent." (*Id.* ¶ 17.) The Complaint's bare allegations fall far short of the pleading standards of Fed. R. Civ. P. 8(a), as articulated by the controlling precedent that this Court has consistently applied to patent infringement actions:

> ➤ Plaintiff fails to allege or plead facts that Heraeus had knowledge of the '254 patent prior to the filing of the Complaint, as required for both indirect and willful infringement;

> ➤ Plaintiff fails to allege or plead facts from which the Court could reasonably infer that Heraeus specifically intended to encourage the direct infringement of unidentified third parties; and

> ➤ Plaintiff fails to allege or plead facts to support, or even provide a threadbare recitation of the elements of, contributory infringement.

Plaintiff's claims of willful and indirect infringement should be dismissed.

## II.    STATEMENT OF FACTS

Three paragraphs of the Complaint concern Heraeus's alleged indirect and willful infringement of the '254 patent:

16. Upon information and belief, *Heraeus has willfully*, deliberately, and actively *induced and/or contributed to* and is continuing to willfully, deliberately, and actively induce and/or contribute to the infringement by others of the '254 Patent by selling H94XX pastes and H92XX pastes to customers who infringe the '254 Patent by practicing the method disclosed therein to produce a light-receiving surface electrode of a solar cell using a conductive paste, and/or by importing or offering to sell in the United States solar cells made by the claimed process.

17. Upon further information and belief, *Heraeus has been on notice of the '254 Patent at least from the date of filing of this Complaint, and has specifically intended* that others will use the unauthorized products in a manner that infringes the '254 Patent.

18. Upon information and belief, Heraeus will continue to induce others to infringe and/or contribute to the infringement of the '254 Patent unless and until enjoined by this Court.

(D.I. 1 ¶ 16-18.)[2]  Plaintiff never alleges that Heraeus had knowledge of the '254 patent prior to the filing of the Complaint.  Plaintiff asserts only that Heraeus had knowledge of the patent *after* the filing of the Complaint and then makes the bare legal assertion that Heraeus "willfully, deliberately, and actively induced and/or contributed to" infringement.  (*Id.* ¶ 16.)

## III.   ARGUMENT

Plaintiff has failed to state a claim of indirect and willful infringement because such a claim requires pleading facts that would support an allegation of knowledge of the patent-in-suit at the time of alleged infringement and specific intent to cause direct infringement.  This Court has repeatedly held that the sort of conclusory allegations made here fail to satisfy Fed. R. Civ. P. 8(a).

### A.   Legal Standard

To satisfy the pleading standard under Fed. R. Civ. P. 8(a), a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires *more than labels and conclusions*, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint's "[f]actual allegations must be enough to raise a right to relief *above the speculative level* ... on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."  *Id.* at 556 (internal citation omitted).  Although a court must accept as true all of the allegations of a complaint, this is "inapplicable to legal conclusions" and courts "are not bound to accept as true a *legal conclusion* couched as a *factual allegation*."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Twombly*, 550 U.S. at 555).

---

[2]     All emphasis is added unless otherwise stated.

In the patent context, the pleading requirements for indirect infringement and willfulness are well established. To demonstrate inducement, the patentee must establish direct infringement and "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *See, e.g., Eon Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-812 (SLR), 2011 U.S. Dist. LEXIS 74586, at *13 (D. Del. July 12, 2011) (finding plaintiff failed to allege sufficient facts to permit court to infer defendant's knowledge of patent-in-suit). Contributory infringement requires that the defendant knew that the combination for which its components were "especially made or especially adapted for use in an infringement" and "not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C § 271(c); *see also Eon Corp.*, 2011 U.S. Dist. LEXIS 74586, at *14 (internal citation omitted).

Consequently, allegations of both contributory infringement and inducement require pleading of facts that, if true, would establish knowledge of the patent-in-suit at the time of infringement. *Eon Corp.*, 2011 U.S. Dist. LEXIS 74586, at *14; *Global-Tech Appliances, Inc. v. SEB, S.A.*, 131 S. Ct. 2060, 2068 (2011) ("It would thus be strange to hold that knowledge of the relevant patent is needed under § 271(c) but not under § 271(b).").

Finally, "to establish willful infringement, a patentee must show ... that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Id.* "Regarding willful infringement, the Supreme Court has required 'a pleading equivalent to "with a knowledge of the patent and of his infringement.""" *F5 Networks,*

*Inc. v. A10 Networks, Inc.*, 2008 U.S. Dist. LEXIS 31319, at *3 (W.D. Wash. Mar. 10, 2008) (quoting *Sentry Prot. Prods. Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).

**B.**     **Plaintiff's Failure to Plead Facts Supporting Heraeus's Knowledge of the Patent At the Time of Alleged Infringement Or Specific Intent to Cause Infringing Acts Requires Dismissal of Its Claims of Indirect And Willful Infringement**

The *sole* basis for Plaintiff's allegations of indirect and willful infringement is that "Heraeus has been on notice of the '254 Patent at least from the date of filing of this Complaint, and [allegedly] has specifically intended that others will use the unauthorized products in a manner that infringes the '254 Patent." (D.I. 1 ¶ 17.) That is not enough.

Since *Twombly* and *Iqbal*, this Court has expressly held that "knowledge [of the patent-in-suit] *after filing* of the present action is *not sufficient* for pleading the requisite knowledge for indirect infringement." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (Robinson, J.) (citing *Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 n.1 ("The Court is not persuaded by Plaintiff's contention that the requisite knowledge can be established by the filing of Plaintiff's complaint.")).

Applying the requirement to plead facts that can plausibly support knowledge of the patent-in-suit, this Court has dismissed indirect infringement allegations that were less conclusory than those in the present Complaint. For example, in *Eon Corp.*, this Court found that "Plaintiff fails to allege sufficient facts that would allow the court to infer [defendant's knowledge of the patent-in-suit] at the time they were committing the allegedly infringing activities" even where the complaint pled a "link" between defendants and the patent-in-suit based on "tenuous" licensing agreements and based on defendant's general participation in the relevant commercial market. 2011 U.S. Dist. LEXIS 74586, at *14-15 & n. 6 (stating complaint was deficient even under "constructive knowledge" standard for contributory infringement).

Similarly, in *Minkus Electronic Display Systems, Inc. v. Adaptive Micro Systems LLC*, the Court found that "plaintiff failed to plead facts sufficient to plausibly demonstrate defendants' knowledge of the [patent-in-suit]" where the "allegations of knowledge were merely that '[d]efendant[s] [] had actual notice of his infringement of the [patent-in-suit] before the filing of this complaint.'" No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, at *15-16 & n.4 (D. Del. Mar. 16, 2011) (Robinson, J.) (noting that "[p]laintiff did not specify in its complaint how defendants were notified of their alleged infringement.").

The threadbare allegations in Plaintiff's Complaint are more conclusory than those found inadequate in *Eon Corp.*, *XPoint*, *Minkus*, and *Mallinckrodt*. Here, Plaintiff has failed to allege any facts whatsoever that could reasonably allow the Court to infer that Heraeus had knowledge of the '254 patent prior to filing of the Complaint. Plaintiff's allegations omit an allegation of actual notice before filing of its Complaint, as in *Minkus*, and fail to allege any "link" between Heraeus and the '254 patent, as in *Eon Corp.* In sum, Plaintiff's allegations provide ***no basis*** for any inference (much less a plausible inference) that Heraeus knew of the '254 patent prior to filing of the Complaint.

In the absence of any pleading regarding pre-filing knowledge of the '254 patent, Plaintiff's allegation of Heraeus's knowledge since "at least" filing of the Complaint, (D.I. 1 ¶ 17), may not serve as a basis for a finding that Heraeus "specifically intended" third party direct infringement, (*id.*), or that Heraeus "willfully, deliberately and actively" caused such acts. (*Id.* ¶ 16.) It is, instead, merely a *legal* conclusion thinly "couched as a *factual* allegation." *Iqbal*, 129 S. Ct. at 1949-50; *Eon Corp.*, 2011 U.S. Dist. LEXIS 74586, at *14-15; *Minkus*, 2011 U.S. Dist. LEXIS 26827, at *15-16; *F5 Networks, Inc.*, 2008 U.S. Dist. LEXIS 31319, at *3. Such legal

conclusions are insufficient to maintain Plaintiff's unsupported claims of indirect and willful infringement.

### C.      Plaintiff Fails to State A Claim For Contributory Infringement

In addition to Plaintiff's failure to plead Heraeus's knowledge of the '254 patent, Plaintiff's recitation of contributory infringement in Count II of the Complaint should also be dismissed because Plaintiff fails to set forth any details to support the allegation – conclusory or otherwise. Specifically, the Complaint does not allege that Heraeus "knew that the combination for which its components were especially made was both patented and infringing," or that those products were "not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C § 271(c). Indeed, Plaintiff's prayer for relief does not even seek an adjudication that Heraeus has contributed to infringement of the '254 patent. Because the entirety of Plaintiff's contributory infringement allegation is a bare assertion, that claim should be dismissed. *See Eon Corp.*, 2011 U.S. Dist. LEXIS 74586, at *13 (dismissing recitation of contributory infringement).

## IV.     CONCLUSION

WHEREFORE, Heraeus Materials Technology respectfully prays that the Court dismiss the portions of the Complaint asserting indirect and willful infringement for failure to state a claim on which relief may be granted, and for any other relief that the Court deems just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

OF COUNSEL:

Maximilian A. Grant
Matthew J. Moore
Aslan Baghdadi
Gregory K. Sobolski
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

*Attorneys for Defendant Heraeus Materials Technology LLC*

October 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP

I further certify that I caused copies of the foregoing document to be served on October 24, 2011, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                                    *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801

Sean G. Gallagher, Esquire                                    *VIA ELECTRONIC MAIL*
Adam K. Mortara, Esquire
Ashe L.I. Spencer, Esquire
BARTLIT BECK HERMAN PALENCHAR
  & SCOTT LLP
54 West Hubbard Street
Suite 300
Chicago, IL  6065

Jack B. Blumenfeld (#1014)