IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS & CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 11-773-SLR |
| ) | |
| HERAEUS PRECIOUS METALS ) | |
| NORTH AMERICA CONSHOHOCKEN ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

At Wilmington this  8+ day of August, 2013, having reviewed the materials in

connection with plaintiff E.I. du Pont de Nemours & Co.'s ("plaintiff's") motion to amend

its complaint (D.I. 59);

IT IS ORDERED that plaintiff's motion is granted, as follows:

1. **Background**. On September 2, 2011, plaintiff filed the present action against

defendant Heraeus Precious Metals North America Conshohocken LLC ("defendant")

alleging infringement of U.S. Patent No. 7,767,254 ("the '254 patent"), which claims a

method for producing a light-receiving surface electrode of a solar cell by using a

conductive paste.  (D.I. 1 at ¶ 10) In its original complaint, plaintiff alleged that

defendant's "manufacture and use of solar cells made using pastes in the H94XX and

H92XX series . . . infringes one or more claims of the '254 patent." (*Id.* at ¶ 12)

2.  On September 28, 2012, the court adopted a report and recommendation

granting defendant's motion to dismiss plaintiff's induced infringement claim for failure

to plead a plausible claim. (D.I. 28 at 11-16; D.I. 29) Specifically, plaintiff did not sufficiently show that defendant had the specific intent to induce infringement and that defendant had knowledge of infringement. (D.I. 28 at 11-16) Before the court is plaintiff's motion to amend its complaint to cure the induced infringement claim deficiencies with respect to specific intent and defendant's knowledge of infringement. (D.I. 59)

3. **Standards**. "A party may amend its pleading once as a matter of course at anytime before a responsive pleading is served." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). Though motions to amend are to be liberally granted, a district court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989). Further, courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4. **Discussion**. Plaintiff asserts that its proposed amendment plausibly pleads a claim for induced infringement, does not prejudice defendant, does not cause undue delay, and is timely in light of the Scheduling Order's deadline for filing pleading amendments by March 1, 2013. (D.I. 59) In response, defendant argues that plaintiff's proposed amendment of its induced infringement claim is not limited to post-complaint

2

relief and is, therefore, futile "to the extent it seeks relief for pre-suit inducement" because plaintiff had previously asserted only a claim for prospective relief and should not now be allowed to insert a presuit claim. (D.I. 69 at 2) Defendant's sole dispute relates to whether plaintiff's proposed amendment claims pre-suit induced infringement. (*Id.* at 3-5) To fix this alleged deficiency, defendant submits that plaintiff's proposed amendment be expressly time-limited in every sentence asserting an element of its induced infringement claim by adding "since the date [defendant] has been on notice of the '254 patent." (*Id.*, ex. A)

5. For a claim for induced infringement, plaintiff must allege direct infringement as well as defendant's knowledge of, and specific intent to, induce infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc in relevant part). Further, a plaintiff's recovery on an induced infringement claim is limited to the time period that begins when defendant learns of the patent's existence. *See, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) (holding that liability for induced infringement begins when the defendant has "actual 'knowledge of the existence of the patent'") (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, – U.S. –, 131 S. Ct. 2060, 2067-68 (2011)); *see also Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 n. 9 (D. Del. 2012) (citing *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964), for the proposition that defendant's knowledge of the patent limits infringement liability).

6. Plaintiff's original complaint was deficient with respect to the requirements that defendant knew of infringing activity and had the specific intent to induce

3

infringement. (D.I. 28) In order to overcome defendant's argument that the proposed

amendment is futile because it asserts pre-suit infringement, plaintiff's proposed

amendment must plausibly show that defendant specifically intended to induce

infringement by a third party and had knowledge of infringement as of the date

defendant allegedly knew of the '254 patent. *SynQor, Inc.*, 709 F.3d at 1379. Plaintiff's

proposed amendment to its induced infringement claim states:

> 15. [Defendant] has been on notice of the '254 [p]atent at least from
> September 2, 2011.
>
> 16. [Defendant] has knowingly . . . and is continuing to actively induce the
> infringement by others of the '254 [p]atent by knowingly selling front side
> photovoltaic pastes to customers with the intent that those customers will
> infringe the '254 [p]atent.
>
> 18. [Defendant] knowingly and deliberately instructs its customers to apply
> its conductive pastes when manufacturing a solar cell in a manner that
> infringes the '254 patent, and specifically intends that its customers will
> use its pastes in a manner that infringes.
>
> 19. [Defendant] has knowingly induced SolarWorld Industries America,
> Inc. ("SolarWorld") to infringe the '254 [patent by selling SolarWorld
> conductive paste that [defendant] developed utilizing a process covered
> by the '254 patent. . . . [Defendant] has qualified this conductive paste to
> work with SolarWorld's silicon, and sold that paste to SolarWorld with the
> knowledge and intent that SolarWorld will use that paste to make a light-
> receiving surface electrode of a solar cell in a manner that infringes.

(D.I. 59, ex. A) Plaintiff's proposed amendment clarifies its inducement claim by

indicating that, at least as of September 2, 2011, defendant: (1) had the specific intent

to induce SolarWorld's and other customers' direct infringement of the '254 patent; and

(2) had knowledge that SolarWorld's and other customers' activities were regarded as

infringing. (*Id.*) The proposed amendment alleges no facts that defendant knew of the

patent earlier than the date of the complaint's filing. (*Id.*) Plaintiff also avers that its

4

proposed amendment does not allege pre-suit infringement. (D.I. 72 at 4) (indicating

"DuPont did not and does not allege such indirect infringement") Therefore, plaintiff is

limited in its claim to the time period beginning September 2, 2011 under the

amendment itself. Defendant's argument that every sentence in the complaint alleging

an element of induced infringement must indicate this temporal limitation is repetitive

and unnecessary. Plaintiff has sufficiently pled a claim for induced infringement as of

the date of filing the complaint and has shown that the amendment is not futile.

    6. **Conclusion**. For the foregoing reasons, the court grants plaintiff's motion to

amend its complaint.

United States District Judge